UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

JUDY AND JOSE CASIANO,

                 Plaintiffs,

            - against -

GRAND CENTRAL DONUTS, et al.,

                 Defendant.

- - - - - - - - - - - - - - - - - - -X

<u>PROTECTIVE ORDER</u>

CV 2006-6286 (NG)(MDG)

      This Court having reviewed the "Confidentiality Agreement"
signed by the parties and filed on December 26, 2007 (ct. doc. 7)
and finding good cause for a protective order, the terms of the
stipulation are approved and incorporated herein, as supplemented
and modified by the following:

      1.  No party may designate a document as containing
"Confidential Material" unless the party reasonably believes that
such document contains personal information concerning non-parties;
private, confidential information concerning parties, such as
health and non-public financial records; non-public information
implicating security concerns; non-public business information and
other information that would ordinarily be subject to a protective
order, such as customer lists

      2.  The parties must observe Rule 5.2 of the Federal Rules of
Civil Procedure regarding the redaction of private information from
court filings and must use best efforts to minimize the need to

file documents containing other "Confidential Material" under seal. Prior to filing any document or other material containing "Confidential Material," each party must determine whether the material that is the basis for designation as Confidential Material is relevant to the issue addressed in a filing or whether a stipulation of certain facts may eliminate the need for sealing a document containing Confidential Material. If the Confidential Material is not relevant to the filing, a document should be filed with such material redacted.

3. Any document to be filed under seal must be submitted in accordance with procedures established by the Clerk's Office. If a submission is lengthy but the Confidential Material comprises a small portion of the submission, only the pages, sections or exhibit containing Confidential Material should be filed under seal and the remainder of the submission filed unsealed. If an entire document is filed under seal, the party submitting the document must file via electronic case filing a notice of such submission being filed under seal. Any sealing envelope should clearly describe the document to be sealed and identify the document number on the docket sheet corresponding to such sealed document. Each envelope submitted for sealing may contain only one document or portions of one filing (such as redacted pages from multiple exhibits annexed to a document filed).

4. A party submitting a document for filing under seal shall provide the Court with a complete un-redacted copy of the

submission.  The first page of the submission must indicate what portions have been redacted and filed under sealed and the top of every page or section containing Confidential Material shall bear the notation "This page filed under seal."

5.  Any Confidential Material which is publicly disclosed by the designating party shall, upon disclosure, automatically cease to be Confidential Material entitled to protection by this Order.  Such public disclosure includes any filing with any governmental agency or department of any document containing Confidential Material which is subject to access by the public.

**SO ORDERED.**

Dated:    Brooklyn, New York
          December 26, 2007

                                        /s/_____
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE