```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

JUDY AND JOSE CASIANO,

                    Plaintiffs,
                                              ORDER
        - against -
                                              CV 2006-6286 (NG)(MDG)

TARGET STORES,

                    Defendant.
- - - - - - - - - - - - - - - - - -X
```

This order addresses the letter application of Kevin Simmons, counsel for defendant, filed on July 9, 2008 (ct. doc. 19) seeking, <u>inter alia</u>, an extension of discovery to depose plaintiff's expert and a preclusion order with respect to special damages.

The request for an extension of the expert discovery deadline to depose Dr. Kimmer Reddy is granted, without opposition from plaintiffs and the time for defendant to do so is extended to Sept. 5, 2008. Although plaintiffs' counsel is correct that he had not promised to produce Dr. Reddy at the last conference on June 20, 2008, this Court disagrees with the plaintiffs that defendants now have to subpoena Dr. Reddy. While no rule expressly requires parties to produce their designated experts for deposition, the practice in the Second Circuit is that parties do voluntarily procure the attendance of their experts who presumably would be within their control. Such a practice is implicit in Fed. R. Civ.

P. 26(b)(4)(A) which authorizes a party to depose "an expert whose opinions may be presented at trial."  Id.

Accordingly, defendant's counsel should propose dates for the deposition and plaintiffs' counsel must promptly make arrangements with Dr. Reddy so he is available for one of the proposed dates.  In light of this, defendant's request for the costs of preparing new documents is denied.

Although this Court agrees with defendant that plaintiffs' supplemental response as to special damages is too vague, defendant's request for a preclusion order is too drastic a sanction at this juncture, particularly because Mr. Simmons may be correct in his observation that plaintiffs' counsel does not understand what "special damages" means.  Plaintiffs are given one final opportunity to comply by August 22, 2008.  They are advised that their response must be specific and provide enough information to give notice to defendant of the damages claimed.  They are warned that they will be precluded at trial from presenting any testimony or exhibits concerning special damages which are not properly disclosed in their supplemental response.

**SO ORDERED.**

Dated: Brooklyn, New York
       July 31, 2008

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE