UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

JUDY CASIANO and JOSE CASIANO,

                      Plaintiffs,

                                  ORDER
    - against -
                                 CV 2006-6286 (NG)(MDG)

TARGET STORES,

                      Defendant.

- - - - - - - - - - - - - - - - - -X

    This order addresses the letter application of Sal F. DeLuca, Esq., counsel for defendant, dated August 8, 2008 (ct. doc. 24) seeking an extension of discovery to depose plaintiffs' medical expert and a ruling by the Court regarding the amount of fees defendant must pay plaintiffs' medical expert for testifying at his deposition for half a day.

## DISCUSSION

    Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure provides that:

> Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery....

Fed. R. Civ. P. 26(b)(4)(C)(i). Among the factors courts consider in determining the "reasonableness" of a fee are: (1) the witness's area of expertise; (2) the education and training required for the expert insight sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature,

quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) the fee being charged by the expert to the party who retained him; (7) the fees charged by the expert in similar matters; and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.  See Adams v. Memorial Sloan Kettering Cancer Ctr., No. 00 Civ. 9377 (SHS), 2002 WL 1401979, at *1 (S.D.N.Y. June 28, 2002); see also Coleman v. Dydula, 190 F.R.D. 320, 324 (W.D.N.Y. 1999); Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627, 645 (E.D.N.Y. 1997).  The party seeking reimbursement bears the burden of demonstrating the reasonableness of the fees sought.  See Carafino v. Forester, No. 03 Civ. 6258 (PLK)(DF), 2005 WL 1020892, at *1 (S.D.N.Y. Apr. 29, 2005) (citation omitted).  Where the party seeking reimbursement fails to meet its burden, the court may exercise its discretion to determine a reasonable fee.  See id., at *2 (citing Mannarino v. United States, 218 F.R.D. 372, 374 (E.D.N.Y. 2003)).

Plaintiffs seek compensation in the amount of $8,000 for Dr. Reddy's deposition.  However, plaintiffs fail to put forth any evidence why Dr. Reddy should be compensated $8,000 for a half day appearance other than to claim that "the figure is the same that my firm will have to pay for his testimony at trial."  See Letter of Philip S. Abate, Esq. dated August 15, 2008 (ct. doc. 25).  Because of the uncertainty in scheduling and greater

preparation required for trial, such a fee is of limited relevance here, even if it is Dr. Reddy's normal fee.[1]

In any event, a flat fee for an expert's appearance is generally disfavored as courts expect "some reasonable relationship between the services rendered and the remuneration to which an expert is entitled." Mannarino, 218 F.R.D. at 375 (citation omitted); see also Kreyn v. Gateway Target, CV-05-3175 (ERK)(VVP), 2008 WL 2946061, at *1 (E.D.N.Y. July 31, 2008). If the deposition were to take three hours and Dr. Reddy expended two hours for preparation and travel from his office, the effective hourly rate charged by Dr. Reddy would be $1,600. The meager record before the Court is insufficient to support compensation at this or a comparable rate.

The only other evidence presented is the one page curriculum vitae of Dr. Reddy which defendant attached to its motion. See ct. doc. 24, Exh. A. Dr. Reddy is a board certified orthopedist who graduated from Andhra Medical School in India in 1961 and completed his specialty training in orthopedics at New York Polyclinic Hospital in 1970. He co-authored only one paper published in The Journal of Bone and Joint Surgery in 1971 and has not held any teaching positions. Dr. Reddy is currently listed on North Shore-Long Island Jewish Health System's website

---

[1] It is not clear whether Dr. Reddy has testified as an expert in the past since plaintiffs state in their Notice of Expert Witness that "Dr. Reddy does not maintain a list of cases in which he has provided expert testimony in the past four years." See Notice of Expert Witness (ct. doc. 24-4 at 1).

as the Director of the Total Joint Replacement Center at Forest Hills Hospital in New York.  See http://www.northshorelij.com/body.cfm?id=2910 (last visited on August 20, 2008).  While Dr. Reddy clearly is an experienced orthopedist since completing his specialty training in 1970, he does not have exceptional qualifications nor is he being required to testify on an unusual or highly technical area of expertise.

Based on my review of the documents and my knowledge of prevailing rates in the Eastern and Southern districts of New York, I find that a rate of $400 per hour is a more than reasonable rate for Dr. Reddy's expert witness fee.  This rate is well within the rates awarded by other courts in New York.  See, e.g., United States v. New York Metro. Transp. Auth., Nos. 04-CV-4237 (SLT)(MDG), 04-CV-2331 (SLT)(MDG), 2007 WL 1827519, at *1-*2 (E.D.N.Y. June 22, 2007) (reducing hourly rate of "well qualified" expert psychiatrist from $400 to $350); Garnier v. Illinois Tool Works, Inc., No. 04 CV 1825 (NGG)(KAM), 2006 WL 1085080, at *3-*4 (E.D.N.Y. Apr. 24, 2006) (reducing hourly rate of psychiatrist with "extensive qualifications" from $450 to $350); Muoio v. Zubowski, No. 01 Civ. 9556, 2003 WL 22111623, at *1 (S.D.N.Y. Apr. 16, 2003) (reducing hourly rate of expert plastic surgeon from $1,000 to a blended rate of $400); Frederick v. Columbia Univ., 212 F.R.D. 176, 177 (S.D.N.Y. 2003) (reducing hourly rates for toxicologist with medical degree from $975 to $375 for his deposition and no more than $200 per hour for travel

time); Adams, 2002 WL 1401979, at *1 (reviewing range of rates and awarding fees at a rate of $400 per hour for preparation time and $500 for testimony of a "highly qualified" expert who graduated with honors from Harvard Medical School in 1972 and was Director of the Section of General Thoracic Surgery at the Presbyterian Hospital in New York City); Mathis v. NYNEX, 165 F.R.D. 23, 25 (E.D.N.Y. 1996) (surveying cases awarding between $250 and $400 per hour). Dr. Reddy simply does not have credentials that approach those of the expert in Adams, who was seeking $1,167 per hour, and who held much more prestigious positions. See 2002 WL 1401979, at *1.

## CONCLUSION

For the foregoing reasons, defendant must compensate Dr. Reddy for his time testifying at his deposition at a rate of $400 per hour. In addition, Dr. Reddy is entitled to be compensated at this rate for up to one hour of preparation time and one hour of actual travel time from his Queens office to the deposition site at a rate of $200 per hour, including reasonable out-of-pocket travel expenses.

Expert discovery is extended to October 15, 2008 to complete Dr. Reddy's deposition. Plaintiffs are warned that should they fail to produce Dr. Reddy, this Court will entertain a motion to preclude him from testifying or offering any evidence in this case at trial.

**SO ORDERED.**

Dated: Brooklyn, New York
August 20, 2008

\_\_\_\_/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE