UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

JUDY CASIANO and JOSE CASIANO,

               Plaintiffs,

    - against -                  ORDER

TARGET STORES,                  CV 2006-6286 (NG)(MDG)

               Defendant.
- - - - - - - - - - - - - - - - - -X

      This order addresses the letter application of Sal F. DeLuca, Esq., counsel for defendant, filed on October 1, 2008 seeking to preclude plaintiffs from calling their medical expert, Dr. Kumar Reddy, because of plaintiffs' failure to produce him for a deposition as ordered. <u>See</u> ct. doc. 37. As noted in defendant's letter motion, after this Court directed plaintiffs to produce Dr. Reddy for a deposition, plaintiffs ignored efforts by defendant since August 25, 2008 to schedule a deposition before the October 15, 2008 deadline previously set. <u>See</u> ct. doc. 37. Less than one day after defendant filed the motion, plaintiffs apparently told defendant that Dr. Reddy was available two days later, notice which this Court found inadequate. <u>See</u> electronic order filed on 10/2/08; ct. doc. 38. In the electronic order dated October 2, 2008, this Court directed plaintiff to file a response to the instant motion by October 7, 2008. Plaintiffs did not do so.

      By letter dated October 14, 2008, counsel for defendant advised that because Dr. Reddy did ultimately appear for a deposition, defendant was withdrawing its request for preclusion of

Dr. Reddy's testimony.  See ct. doc. 39.  However, defendant sought imposition of costs and persisted in its request for the sanction of preclusion as to special damages because of plaintiffs' failure to provide information by the August 22, 2008 deadline set by the Court.  See ct. doc. 39 (referring to defendant's letter filed 8/29/08 (ct. doc. 27) regarding plaintiffs' failure to supplement their interrogatory responses).  In response, plaintiffs claim that defendant's request for sanctions is pointless as they are not making a claim for lost wages or income and are unaware of any medical liens.  See ct. doc. 40.

Notably, plaintiffs have not responded to defendant's request for costs because of plaintiffs' disregard with discovery obligations and orders.  This Court agrees that imposition of costs is warranted.  Discovery concerning plaintiffs' medical expert and special damages has unnecessarily been the focus of numerous conferences, orders and motions by the defendant because of plaintiffs' continuing failure to comply with discovery ordered.  See minute entries for conferences held on 5/5/08, 6/4/08, 6/20/08; ct. doc. 11 (defendant's motion for extension filed 4/10/08 because of plaintiffs' failure to provide discovery); ct. doc. 12 filed 6/2/08 (motion for preclusion because of plaintiffs' failure to provide disclosures by deadline set by the Court); ct. doc. 16 filed 6/19/08 (same); ct. doc. 19 filed on 7/9/08 (motion to compel plaintiffs to produce Dr. Reddy

for a deposition); ct. doc. 24 filed on 8/8/08 (motion regarding expert fees). Although this Court has previously denied defendant's request for preclusion or other sanctions, this Court has been clear in advising plaintiffs of their obligations to comply and warning them of the consequences. <u>See</u> ct. doc. 23 (order filed 7/31/08); ct. doc. 26 (order filed 8/21/08).

On this record, plaintiffs' continuing failure to comply with discovery orders is sanctionable. Plaintiffs are again sanctioned $250.00, payable to defendant by November 5, 2008.

Last, this Court grants defendant's request for an order precluding plaintiffs from submitting special damages at trial. In this Court's prior order of July 31, 2008, this Court gave plaintiffs a final opportunity to provide supplementary interrogatory responses by August 22, 2008. As plaintiffs acknowledge, they did not file responses because they have no claim for such damages. In light of the prior warnings and plaintiffs' response, preclusion is appropriate.

<u>CONCLUSION</u>

For the reasons discussed above, defendant's motions for sanctions are granted as follows. Plaintiffs are sanctioned $250 for the costs of defendant's motions and are precluded from presenting any evidence of special damages they sustained.

**SO ORDERED.**

Dated: Brooklyn, New York
October 22, 2008

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE